IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH KAISAM                        *
        Plaintiff,
     v.                              *    CIVIL ACTION NO.  JKB-16-2509

STATE OF MARYLAND, *et al*.          *
        Defendants.
                          *****

MEMORANDUM

On July 7, 2016, the court received for filing the above-captioned civil action filed by Joseph Kaisam ("Kaisam"), a state prisoner housed at the Eastern Correctional Institution ("ECI").   Kaisam states that the State of Maryland, the Circuit Court for Worcester County, and the Division of Correction ("DOC") have not acted on his request to receive credit for time spent in custody, which he alleges would result in his release.  ECF No. 1.   He asks that the State of Maryland and the Circuit Court for Worcester County be ordered to pay him for every day he is subject to "false imprisonment."   Kaisam's Motion for leave to proceed in forma pauperis shall be granted.   His action, construed as a 42 U.S.C. § 1983 complaint for damages, shall be summarily dismissed.

The state court docket reveals that on September 10, 2015, Kaisam pled guilty to one count of second-degree assault in the Circuit Court for Worcester County and was sentenced to an 18-month term.  *See State v. Kaisam*, Case No. 23K15000134 (Circuit Court for Worcester County)  http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?case.   On September 21, 2015, a "motion for credit for time spent in an official detention" was filed, and on October 19, 2015, an order was entered "granting the credit *if due*."   Further, on October 13, 2015, a motion for "credit against sentence for time spent in custody" was filed by Kaisam.   On November 9, 2015, an order was entered denying the motion.  Another motion for credit for time

spent in custody was filed on or about April 11, 2016, and denied on May 3, 2016.   On June 9, 2016, Kaisam filed a motion to correct an illegal sentence in the Circuit Court for Worcester County.  The motion was denied on July 1, 2016, the court finding that Kaisam "was not entitled to any credit for time served."

This court is required to construe self-represented actions liberally.  *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (a document filed *pro se* is to be liberally construed).  Self-represented petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by such a litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).  When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes,* 449 U.S. at 9; nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Kaisam seeks the award of monetary compensation against defendants.  His complaint may not proceed for several reasons.  Under the Eleventh Amendment to the United States Constitution, a state, its agencies, and its departments are immune from suits in federal court brought by its citizens or the citizens of another state, without consent.  *See Penhurst State School and Hospital v Halderman*, 465 U.S. 89, 100 (1984). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Ann. Code, State Gov't. Art., § 12–201(a) (2014 West), it has not waived its immunity under the Eleventh Amendment to suit in federal court.  Thus, Kaisam may not raise a § 1983 claim

against the State of Maryland.

Further, defendant DOC is a state agency operating as a division of the Maryland Department of Safety and Correctional Services.  *See* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(g) and 3-201. Neither a state nor an agency of a state is a Aperson@ within the meaning of 42 U.S.C. ' 1983.  *See Will v. Michigan Dep=t of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, as previously discussed, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Hejirika v. Maryland Division of Correction*, *et al*., 264 F. Supp. 2d 341, 345 (D. Md. 2003). Consequently, the complaint against the DOC is subject to dismissal for want of jurisdiction.

Kaisam's remaining defendant, the "Circuit Court for Worcester County," likewise is not amenable to suit.  It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."  Inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969); *Preval v. Reno,* 57 F. Supp. 2d 307, 310 (E.D. Va. 1999); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989).  Defendant Circuit Court for Worcester County is an inanimate entity, and/or a generic term for an unidentified and unnamed individual.  It is not a specific "person" subject to suit under 42 U.S.C. § 1983.

For these reasons, the complaint shall be dismissed by separate Order.


Date: July 12th, 2016                                                  _____/s/_____
                                                                                    James K. Bredar
                                                                                    United States District Judge